

DISTRICT COURT
F I L E D

**IN THE DISTRICT COURT IN AND FOR TULSA COUNTY**
**STATE OF OKLAHOMA**

MAY 2 5 2016

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA, TULSA COUNTY

WHALEN KING, )
　　　　　　　　　　　　　　　　　 )
　　　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　 )
v. )　Case No. CJ-16-
　　　　　　　　　　　　　　　　　 )
SOUTHWEST AVIATION )
SPECIALTIES, LLC, )
　　　　　　　　　　　　　　　　　 )
　　　　　　　　Defendants. )

# CJ-2016-01986

## DAMAN CANTRELL

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

　　　　COMES NOW Whalen King and files this, his Original Petition against Southwest

Aviation Specialties, LLC and would show the Court as follows:

**I.**
**PARTIES**

　　1.　　Plaintiff King is an individual who resides in Tulsa, Oklahoma.

　　2.　　Defendant Southwest Aviation Specialties ("SWAS") is an Oklahoma limited

liability company and can be served with process by serving its registered agent for service of

process, David C. Guzman at 8803 Jack Bates Ave, Tulsa, OK 74132.

**II.**
**JURISDICTION & VENUE**

　　3.　　This Court has jurisdiction over the state law claims pursuant to 12 O.S. § 2004

and it has concurrent jurisdiction over the federal law claims under the same statute.

　　4.　　Venue is proper in this Court pursuant to 12 O.S. 134 because SWAS's principal

office is located in Tulsa County.

EXHIBIT

A

### III.
### EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.      King filed a timely Charge of Discrimination against SWAS with the Oklahoma Office of Civil Rights Enforcement ("OCRE") on April 13, 2015.

6.      The OCRE issued a valid right to sue letter dated February 26, 2016.  A true and correct copy of the right to sue letter is attached hereto as Exhibit A and is incorporated fully herein.  This action was instituted before the expiration of 90 days of King's receipt of the OCRE's right to sue letter.  Therefore, King's discrimination and retaliation claims brought pursuant to Oklahoma Anti-Discrimination Act and Title VII of the Civil Rights Act are timely and proper.

7.      King exhausted all administrative remedies necessary to pursue the Federal and State claims pleaded in this case.

### IV.
### FACTUAL BACKGROUND

8.      This lawsuit arises from SWAS's unlawful treatment, termination and retaliation of King while employed by SWAS.

9.      SWAS provides various services to aircraft owners, including repairs, maintenance, upkeep, and installing upgrades to aircraft.

10.      King, an African-American, was hired by SWAS as an avionics installer in July of 2014.  He was hired at a rate of $16.00 per hour and SWAS represented to him that his pay would increase to $17.00 per hour after ninety days on the job.

11.      Instead of his pay increasing a dollar after ninety days, SWAS raised King's pay 50 cents after seven months, despite King's reminders to SWAS of what their agreement was.

12.     On or about March 7, 2015, members of the University of Oklahoma chapter of the Sigma Alpha Epsilon ("SAE") fraternity were filmed performing a racist chant that used the "n" word, referenced lynching, and implied that African-Americans would never be admitted to the fraternity.

13.     This incident made local and national news.  On or about the next work day, a group of employees at SWAS were discussing the SAE incident when King's supervisor, Bill Copple, joined in the discussion and speaking directly to King, used the "n" word multiple times in an aggressive and inciting manner.  Copple also kept asking King in an instigating way if SWAS should work on the University of Oklahoma's helicopter.

14.     Soon thereafter King complained to SWAS about this racial harassment.  SWAS's management knew that King complained about the harassment.  However, instead of taking any action to address the harassment, SWAS terminated him on or about March 20, 2105.  King's opposition to the racial harassment was a significant motivating factor, if not the sole factor, in SWAS's decision to terminate his employment.

15.     During the course of his employment with SWAS, King performed his work in a competent and satisfactory manner.

16.     During the course of his employment with SWAS, King conducted himself in a professional and acceptable manner.

17.     The Oklahoma Office of Attorney General investigated this matter under OCRE Charge No.: CR-15-0065-E.   The investigation resulted in a Notice of Determination ("Determination") dated February 10, 2016. A true and correct copy of the Determination is attached hereto as Exhibit B and is fully incorporated herein by reference.  The Determination concluded that SWAS discriminated against King by subjecting him to harassment on the basis

of his race. The Determination also concluded that SWAS retaliated against King by terminating him for engaging in protected activity, namely his voiced opposition to his supervisor's harassing conduct.

## V.
### CAUSES OF ACTION

**A.     Violations of the Oklahoma Anti-Discrimination Act**

18.     King incorporates the preceding paragraphs of this Petition as if fully set forth below.

19.     SWAS is an Employer within the meaning of the Oklahoma Anti-Discrimination Act, O.S. 25 § 1101 et seq. ("the Act").

20.     SWAS's conduct constitutes a violation of the Act.   Specifically, SWAS discriminated against King by harassing him on the basis of his race.

21.     Additionally, SWAS's conduct constitutes a violation of the Act because, SWAS retaliated against King by terminating his employment for his opposition to unlawful discrimination.

22.     SWAS's unlawful discrimination against King and the unlawful termination of his employment has directly and proximately caused King to suffer monetary and non-monetary damages.   King seeks recovery of back pay, liquidated damages and attorneys' fees which are recoverable under the Act.

23.     SWAS's unlawful discrimination, termination, and retaliation against King was intentional and constituted willfull and/or reckless disregard for his rights.

**B.     Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**

24.     King incorporates the preceding paragraphs of this Petition as if fully set forth below.

25. Title VII, as amended, codified at 42 U.S.C. § 2000e *et seq.* makes it unlawful for an Employer to discharge or otherwise discriminate against any individual because of the individual's race, sex, or national origin.

26. SWAS is an Employer within the meaning of Title VII.

27. SWAS's conduct constitutes a violation of the Title VII. Specifically, SWAS discriminated against King by harassing him on the basis of his race.

28. Additionally, SWAS's conduct constitutes a violation of the Title VII because SWAS retaliated against King by terminating his employment for his opposition to unlawful discrimination.

29. SWAS's unlawful discrimination against King and the unlawful termination of his employment has directly and proximately caused King to suffer monetary and non-monetary damages. King seeks recovery of back pay, liquidated damages, punitive damages and attorneys' fees which are recoverable under the Title VII.

30. SWAS's unlawful discrimination, termination, and retaliation against King was intentional and constituted willful and/or reckless disregard for his rights.

**C. Attorneys' Fees**

31. King incorporates the preceding paragraphs of this Petition as if fully set forth below.

32. As a result of the conduct described above, King has incurred reasonable and necessary attorneys' fees for which he seeks recovery. King has retained the law firm of Sprouse Shrader Smith PLLC to prosecute this action and has agreed to pay the firm reasonable and necessary attorneys' fees. King requests an award of costs and reasonable and necessary attorneys' fees pursuant to operative sections of the Act and Title VII.

## VI.
### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Whalen King, requests that the Defendant, Southwest Aviation Specialties, LLC, be cited to appear and answer, and on final trial, the Plaintiff have judgment against Defendant for the following:

 a. Compensatory damages;

 b. Back-pay;

 c. Lost benefits;

 d. Mental pain & suffering;

 e. Embarrassment & humiliation;

 f. Damage to reputation;

 g. Incidental damages;

 h. Consequential damages;

 i. Punitive and exemplary damages;

 j. Liquidated damages;

 k. Pre-judgment interest;

 l. Post-judgment interest;

 m. Reasonable attorneys' fees;

 n. Costs of court; and

 o. All other relief, general and special, legal or equitable, to which Plaintiff may be justly entitled.

**Jury Trial Demanded**

Respectfully submitted,

Kevin T. Wakley (OBA # 32569)
SPROUSE SHRADER SMITH PLLC
110 W. 7th St., Ste 2710
Tulsa, OK  74119
Telephone:  (918) 743-4443
Fax:  (918) 556-1119
kevin.wakley@sprouselaw.com
*Attorney for Plaintiff*

611220_1.DOCX
5930.002



OFFICE OF ATTORNEY GENERAL
STATE OF OKLAHOMA

February 26, 2016

Tracy W. Robinett
Robinett, Swartz & Aycock
624 S. Boston Avenue, Suite 900
Tulsa, Oklahoma 74119

Re:   **Whalen G. King v. Southwest Aviation Specialists**
      **OCRE Complaint No.: CR-15-0065-E**

Dear Mr. Robinette:

The Office of Civil Rights Enforcement ("OCRE") has issued the enclosed Notice of Right to Sue (Conciliation Failure) finding that based on the consideration of the evidence acquired in the investigation there is reasonable cause that Respondent violated the Act and discriminated against the Complainant. Complainant has ninety (90) days from receipt of this Notice of Rights to file a lawsuit under state law in a district court of the State of Oklahoma.

Respectfully,

Kara I. Smith
Chief Assistant Attorney General
Office of Civil Rights Enforcement Unit, Chief

KIS/tc
Enclosure

cc w/encl.:   Whalen G. King, Complainant



**EXHIBIT**



# OKLAHOMA ATTORNEY GENERAL
## OFFICE OF CIVIL RIGHTS ENFORCEMENT

### NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

| To: | From: |
|---|---|
| Whalen G. King<br>6551 E. 31st St., #14<br>Tulsa, OK 74145 | Office of Civil Rights Enforcement<br>15 W. 6th Street, Suite 1000<br>Tulsa, Oklahoma 74119 |

| Complaint/Charge No. | OCRE Representative | Telephone No. |
|---|---|---|
| OCRE # CR-15-0065-E<br>EEOC# | Kara I. Smith<br>Assistant Attorney General | (918) 581-2885 |

**TO THE COMPLAINANT:**

This Notice concludes the OCRE's processing of the above-numbered Complaint or Charge at this time. The OCRE found reasonable cause that the respondent(s) engaged in a discriminatory practice but could not obtain a settlement with the respondent(s) through conciliation that would provide relief for you. The OCRE may file suit against the respondent(s) or it may close its file in this case.   Closure does not mean the OCRE will not file suit against the respondent(s) later or intervene in your lawsuit if you decide to sue on your own behalf.

### -NOTICE OF SUIT RIGHTS-

**Oklahoma Anti-Discrimination Act, Okla. Stat. tit. 25, § 1101 et seq., Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under state law in a district court of the State of Oklahoma.   You also may have the right to file suit under federal law in federal or state court if federal law applies to the respondent(s). **Your lawsuit MUST be filed WITHIN 90 DAYS from your receipt of this Notice or your right to sue based on this charge will be lost.**

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within two years (three years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than two years (three years) before you file suit may not be collectible.**

If you file suit based on this Complaint or Charge, please send a copy of your file-stamped Petition or Complaint to this office.

On behalf of the OCRE

2·26·2016

Kara I. Smith
**Chief Assistant Attorney General**
**Office of Civil Rights Enforcement Unit Chief**

*(Date Mailed)*

cc:   Southwest Aviation Specialists, LLC
c/o Tracy W. Robinett, Attorney for Respondent



OFFICE OF ATTORNEY GENERAL
STATE OF OKLAHOMA

**Charging Party:**     Whalen King
6551 E. 31st St. #14
Tulsa, Oklahoma 74145

**Respondent:**     Southwest Aviation Specialties, LLC
Attn: David Guzman
8720 Jack Bates Ave.
Tulsa, Oklahoma 74132

**RE:**     **Whalen King v. Southwest Aviation Specialties, LLC**
**OCRE Charge No.: CR-15-0065-E**

## NOTICE OF DETERMINATION

Pursuant to the authority vested in me by the Attorney General of the State of Oklahoma and the Oklahoma Anti-Discrimination Act, Okla. Stat. Ann. tit. 25, § 1101 et seq. (the "Act"), I issue the following determination as to the merits of the above referenced charge: There is reasonable cause that Respondent discriminated against Charging Party on the basis of his race and retaliated against Charging Party for opposing unlawful activity in violation of the Act.

All requirements for coverage have been met. Charging Party timely filed the referenced complaint of employment discrimination with the Office of Civil Rights Enforcement ("OCRE") on April 13, 2015, asserting allegations sufficient to invoke the jurisdiction of the OCRE. Respondent is an employer within the meaning of the Act, and Charging Party was an employee of Respondent within the meaning of the Act.

Charging Party alleges Respondent discriminated against him on the basis of his race by subjecting him to racial harassment. Charging Party alleges that on or about March 9, 2015, he was subjected to objectionable treatment when his supervisor, Bill Copple, used the "N" word on two occasions. On or about March 12, 2015, in the presence of co-workers, Charging Party expressed his dissatisfaction about Mr. Copple's use of the "N" word and Charging Party's recent pay raise. Charging Party also stated that he was going to start looking for another job. Charging Party alleges on or about March 20, 2015, Respondent discharged him.

Respondent denies it discriminated against Charging Party. Respondent alleges to aware that Charging Party was upset about his pay raise and was going to start looking for another job, but was unaware Charging Party expressed opposition to the use of the "N" word. Respondent



15 WEST 6TH, SUITE 1000 • TULSA, OK 74119 • (918) 581-2885 • FAX: (918) 938-6348

♻ recycled paper

OCRE Charge No.: CR-15-0065-E
Notice of Determination
Page 2 of 3

alleges it accepted Charging Party's resignation and did not discharge him. Charging Party alleges he did not resign or submit his two-weeks' notice. From the examination of the evidence, there is witness testimony that Respondent's management was aware Charging Party expressed opposition about the use of the "N" word, complained about his pay raise, and stated he was going to start looking for another job. The investigation revealed that Respondent was aware of the racial harassment and failed to take prompt and effective corrective action. Examination of the evidence establishes that Respondent discriminated against and subjected Charging Party to harassment on the basis of his race in violation of the Act. Having considered the evidence acquired in the investigation, I find there is reasonable cause that Respondent violated the Act.

In addition, Charging Party alleges he engaged in protected activity by opposing unlawful discrimination when he objected to Mr. Copple's discriminatory remark on or about March 12, 2015. Charging Party alleges on or about March 20, 2015, Respondent's management discharged him. Respondent alleges it accepted Charging Party's resignation early rather than allowing Charging Party the opportunity to serve his full two weeks. Charging Party alleges he did not resign or submit his two-weeks' notice. The investigation revealed that Respondent's management was made aware that Charging Party expressed his opposition to Mr. Copple's use of the "N" word prior to Respondent's management discharging Charging Party.

Examination of the evidence establishes there is reasonable cause that Respondent retaliated against Charging for engaging in protected activity by opposing unlawful discrimination. Having considered the evidence acquired in the investigation, I find there is reasonable cause that Charging Party's legally protected activity was a significant factor motivating the adverse action taken against Charging Party and that Respondent violated the Act by retaliating against the Charging Party.

## INVITATION TO CONCILIATE

Upon finding reasonable cause that Respondent violated the law, the OCRE seeks to eliminate the alleged unlawful employment practices by informal methods of conciliation pursuant to § 1502.6 of the Act. To this end, the OCRE now requests that the parties join with it in reaching a just resolution of this matter.

Pursuant to § 1502.6, nothing said or done in the course of conciliation may be made public or used as evidence in a subsequent proceeding without the written consent of the persons concerned. A conciliation agreement, if reached, shall be made public unless the Charging Party and Respondent agree otherwise, and the Attorney General determines that disclosure is not necessary to further the purpose of the Act.

Both the Charging Party and the Respondent must contact the OCRE within fifteen (15) days of receipt of this Notice to confirm whether they consent to attempt conciliation of the dispute.

OCRE Charge No.: CR-15-0065-E
Notice of Determination
Page 3 of 3


If Respondent declines to engage in conciliation or if a settlement acceptable to the Attorney General is not obtained, the Chief of the OCRE will inform the parties and further advise them of the court enforcement alternative available to the Charging Party and the OCRE.


2·10·16
Date

Kara I. Smith
Assistant Attorney General
Chief, Office of Civil Rights Enforcement


cc:    David Guzman